Day, J.
The questions presented for our consideration are embraced in three propositions :
1. Did the court err in holding that the contract for a share of the general agent’s yearly profits account was the contract of the company, and not the personal contract of the agent? We think not. There were but two parties to the contract, Church on the one part and the company on the other. The contract was made on behalf of the company by its agent, who was thereby estopped from claiming of the company the share of his profits thus contracted by the company to be paid to another.
2. Did the court err in holding that Church was entitled to receive a share of the general agent’s percentage for his first year’s service? We .think it did. The interpretation of the contract as claimed on the part of Church, as calling for a share of this percentage for the first year’s service, renders some clauses of the contract useless. If that waa the intent of the drafter of the instrument, he would most natuarally have drawn it for a fixed annual salary and expenses, and in addition thereto the interest stipulated in the agent’s yearly profits account. But, instead of that, the contract is carefully made to stipulate in the first place, for a given salary “for the first year.” There was no need of this provision unless it was to distinguish that year from the succeeding time of the employment clearly contemplated by the parties; and no distinction is made except in the amount of compensation, and no difference is made in that except in the added percentage. Exclude the percentage from the first year, and every word of the contract has significance, showing that to be its true meaning. Emphasizing the clauses to show their true relation and meaning, it reads as follows: “The proposition now made you for re- *497 engagement of your services, is upon about the same line of duty as formerly performed, at a salary of $3,500 for the first year and traveling expenses, (say commencing duty first of June next,) and annually thereafter so long as the connection continues, in addition to that salary and' ex penses, an interest of one-twentieth (5 p. ct.) of the general agent’s yearly profits account.” This view of the contract is strengthened by the succeeding clause, viz.: “As the duty begins at a time when 7-12ths of the fiscal year of the ACtna company is expired upon 1st November, 1866, the 5 p. c. will apply to only 5-12ths of the fractional year,, and thereafter the annual figure as determined each 1st. November.” This clause seems to have been inserted for the purpose of showing that the five per cent of the general agent’s yearly account would apply to only a fractional part of the company’s fiscal year, and that it should apply to the five months of the year 1866, being the five months after the expiration of the “first year,” which was to begin June 1, 1865. Looking to the contract alone, this is its-obvious and clear import. But doubt is raised on this construction, by reference to the fact appearing in the record that, according to a usage of the company, the yearly profits account of the general agent with the company was not. made up until after one year had elapsed from the rendition of the service: that is, the account of the fiscal year 1865, would be stated November 1, 1866. Giving this fact, its full weight, it is not as strong to show that the date refers to the time of stating the account, as the context of the. instrument is to show that it refers to the time of the rendition of the service to which the percentage is applied.. Moreover, the force of this fact is much weakened by the further fact appearing in the case, that during the previous, engagement between the same parties alluded to in the contract, it was the usage as in all like employments of sub-agents, to determine by estimate the interest of such sub-agents in the percentage of the general agent at the end of the year of service, instead of waiting until the following, year, when the general agent settled with the company.
*498 Beading the contract in the light shed upon it by all the circumstances appearing in the case, we are constrained to hold that the contract of the parties as written, did not include an interest in the general agent’s percentage for the first year’s service contemplated by it, and that the court therefore erred on that point.
3. Did the court err in finding for Church on the counterclaim interposed against him by the company ? We think not. At first sight it might seem that he would be liable to account for moneys received by him of other parties for services rendered for the company; for it is an undoubted principle that as a general rule all profits which are made by the agent in the course of the business of the principal, or which are incidentally obtained in the execution of his duty belong to the latter. Story’s Agency, sec. 207.'
But it will be found in that class of cases that the profit arises from a claim that could be enforced, either by the principal or agent, against the party from whom it was received.
A part of the amount claimed by the company was received by Church, for services rendered another party when not on duty for the company, and to that extent its claim does not come within the principle stated. The remainder was received from other insurance companies, which instead of adjusting losses by fire for themselves, adopted the adjustments made for the ¿Etna company by Church. Neither the ¿Etna company nor Church had any legal claim against them for so doing. The several amounts paid on these occasions were mere gratuities. Had they been paid to the principal the agent would have had no claim therefor, nor can the principal call the agent to account merely because it was his good fortune to be the donee instead of the principal. These gratuities were not properly earnings or profits made by the agent in the course of the business of the principal. They were gifts prompted by the politeness of the donors and belong to the donee.
It results that neither party was entitled to judgment on *499 their respective claims. It follows that the judgment of the superior court in general term affirming that of the special term must be reversed in part and affirmed in part; and this court proceeding under the statute to render the judgment that should have been rendered by that court, will reverse the judgment rendered in favor of Church on his claim against the company, and affirm that rendered against the company on its claim against Church.
Welch, C.J., and White, McIlvaine and West, JJ., concurred.